BALBIR BRAR ASSOCIATES, INC.

V.

CONSOLIDATED TRADING AND SERVICES
CORPORATION

Record No. 960014

November 1, 1996

Present: Carrico, C.J., Compton, Stephenson, Hassell, Keenan, and Koontz, JJ.,
and Poff, Senior Justice

*Peter D. Greenspun (John F. Mardula; Peter D. Greenspun & Associates; Mardula & Daughtrey,* on briefs), for appellant.

*John J. Sabourin, Jr. (Thomas R. Folk; Hazel & Thomas,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether Fed.R.Civ.P. 13(a) bars a litigant who failed to assert a counterclaim in a federal proceeding from pursuing its claims in a state proceeding.

The following allegations of fact were considered by the trial court. In 1988, Brar Associates-McLean Limited Partnership began the development of the Mayfair of McLean project, a luxury townhouse community. During 1991 and 1992, Balbir S. Brar, president of Balbir Brar Associates, Inc., a Virginia corporation, sought investors to complete the project. In January 1992, Loran M. Adams, president of Atwood Development Corporation, a construction management firm, introduced Balbir Brar to Benjamin Kopf, III, president of Consolidated Trading and Services Corporation (Consolidated). Consolidated is engaged in the business of real estate investment.

Subsequently, Balbir Brar Associates, Inc. (Brar Associates), Consolidated, and Adams executed an agreement to create a joint venture to complete the project. The joint venture agreement required Consolidated to purchase the project from Brar Associates-McLean Limited Partnership for $5,200,000. The joint venturers retained Brar Associates as the project construction contractor for a fee of $10,000 per month, to be paid by Consolidated. The joint venturers also agreed that Consolidated would receive a return on its investment based upon a figure, described as the internal rate of return, and that if the internal rate of return became less than 20%, Consolidated would be entitled to terminate the joint venture.

In November 1994, Consolidated and Atwood filed a complaint in a federal district court in Virginia against Brar Associates and others. Consolidated alleged, *inter alia*, that Brar Associates had violated the Lanham Act, 15 U.S.C. § 1051 *et seq.*, which creates civil remedies for the false representation of the origin of goods in commerce.

Brar Associates did not file a counterclaim in the federal action. The federal district court granted Brar Associates' motion for summary judgment.

Brar Associates initiated this proceeding by filing its bill of complaint against Consolidated, Adams, and Atwood. Brar Associates alleged that these defendants "tampered with and artificially reduced" the internal rate of return to 18.5% and "unlawfully terminated the joint venture agreement." Brar Associates sought specific performance of the joint venture agreement, the appointment of a receiver, and an accounting.

Consolidated asserted in the trial court that Brar Associates' claims are barred because it failed to file a compulsory counterclaim in the federal district court proceeding as required by Fed.R.Civ.P.

13(a). The trial court agreed and entered a final order dismissing Brar Associates' claims against Consolidated. We awarded Brar Associates an appeal.

Brar Associates argues that Fed.R.Civ.P. 13(a) does not bar it from pursuing its claims in a state proceeding. Brar Associates asserts that the federal district court litigation involved the Lanham Act, which did not arise out of the same transaction or occurrence as Brar Associates' state law causes of action. In response, Consolidated asserts that its Lanham Act claim, as well as Brar Associates' state law claims, arose out of the same transaction and occurrence and, therefore, Brar Associates was required to raise its claims as a compulsory counterclaim and, having failed to do so, is forever barred from asserting such claims.

Rule 13(a) states in relevant part:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

▮ Initially, we observe that a litigant who fails to file a compulsory counterclaim as required by Fed.R.Civ.P. 13(a) is thereafter barred from asserting that claim. *Baker* v. *Gold Seal Liquors*, 417 U.S. 467, 469 n.1 (1974); *Mesker Bros. Iron Co.* v. *Donata Corp.*, 401 F.2d 275, 279 (4th Cir. 1968). When determining whether a claim must be asserted as a compulsory counterclaim, we look to the original court's construction of its compulsory counterclaim rule. *Nottingham* v. *Weld*, 237 Va. 416, 420, 377 S.E.2d 621, 623 (1989).

▮ The United States Court of Appeals for the Fourth Circuit utilizes the following four-part test to determine whether a counterclaim is compulsory under Fed.R.Civ.P. 13(a):

"[T]his circuit suggested four inquiries to determine if a counterclaim is compulsory: (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would *res judicata* bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between

the claim and counterclaim? . . . . A court need not answer all these questions in the affirmative for the counterclaim to be compulsory. . . . Rather, the tests are less a litmus, more a guideline."

*Painter* v. *Harvey*, 863 F.2d 329, 331 (4th Cir. 1988). The Court of Appeals pointed out that when making these inquiries, "there is an underlying thread to each [factor]: evidentiary similarity." *Id.* The court noted that

"[w]here . . . the same evidence will support or refute both the claim and counterclaim, the counterclaim will almost always be compulsory. The 'same evidence' test thus accomplishes the purposes of Fed.R.Civ.P. 13(a), because the 'very purpose of making certain types of counterclaims compulsory is to prevent the relitigation of the same set of facts.' "

*Id.* at 332. *Accord Sue & Sam Mfg. Co.* v. *B-L-S Constr. Co.*, 538 F.2d 1048 (4th Cir. 1976).

The first element of the four-part test that we consider is whether the issues of fact and law raised in Consolidated's Lanham Act claim and the claims asserted in Brar Associates' bill of complaint are "largely the same." The Lanham Act "was intended to make 'actionable the deceptive and misleading use of [trade]marks' " and " 'to protect persons engaged in . . . commerce against unfair competition.' " *Two Pesos, Inc.* v. *Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Consolidated alleged in its Lanham Act claim that Balbir Brar and Brar Associates "falsely represented that they rather than [Consolidated] owned Mayfair of McLean." As we have already mentioned, however, Brar Associates alleged in its bill of complaint that Consolidated manipulated certain financial information to create an internal rate of return below 20%, thus, permitting Consolidated to terminate the joint venture and escape its obligations under the joint venture agreement. Brar Associates sought the appointment of a receiver for the joint venture to "take charge" of the joint venture's operations.

Brar Associates also sought an accounting because it believed that certain profits and losses had been "misapplied and fraudulently utilized to drive the 'Internal Rate of Return' of the joint venture below Twenty Percent (20%) and [had] increas[ed] budget costs, thereby triggering the termination mechanisms established by the Joint Venture." Thus, the issues of fact and law raised in Brar Asso-

ciates' bill of complaint are not "largely the same" issues as those raised in Consolidated's Lanham Act claim.

Applying the second part of the test, we are of opinion that *res judicata* would not bar a subsequent suit on Brar Associates' state law claims, absent the compulsory counterclaim rule. We have held that four elements must be present before *res judicata* may be asserted to bar a subsequent proceeding: "(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Smith* v. *Ware*, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992) (quoting *Wright* v. *Castles*, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986)). Here, the doctrine of *res judicata* would not have barred a subsequent proceeding because there was neither an identity of remedies sought nor an identity of the causes of action between Consolidated's Lanham Act claim and Brar Associates' state law claims.

We now consider the third element of the test; will substantially the same evidence support or refute Consolidated's Lanham Act claim as well as Brar Associates' claims? We answer this inquiry in the negative. Even a cursory examination of the litigants' claims asserted in the federal and state proceedings reveals that the evidence that Brar Associates must present to substantiate its claims would be substantially different from any evidence on the issue whether Brar Associates misrepresented the ownership of the Mayfair project.

Finally, we are of opinion that there is no logical relationship between Consolidated's Lanham Act claim and Brar Associates' claims. Brar Associates' bill of complaint alleges certain causes of action arising out of the performance of the joint venture agreement, and those claims are separate and distinct from Consolidated's purported Lanham Act claim. Furthermore, as our application of each of the elements of the four-part test established in *Painter* illustrates, there is simply no "underlying thread of evidentiary similarity" between the litigants' federal and state claims.

In view of the foregoing, we will reverse the judgment of the trial court and remand this case for further proceedings.

*Reversed and remanded.*